# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

| | | |
|---|---|---|
| **KENESHIA BLAKLEY,** *individually and on behalf of all others similarly situated* | § § § § § | **PLAINTIFF** |
| v. | § § | No. 2:22-cv-105-HSO-BWR |
| **MASONITE CORPORATION** | § § | **DEFENDANT** |

## FINAL JUDGMENT AND ORDER OF DISMISSAL

BEFORE THE COURT is the parties' Joint Stipulation [34] of Dismissal with Prejudice and Joint Response [36] to Order to Show Cause. After due consideration of the parties' submissions and relevant legal authority, the Court finds that the Joint Stipulation [34] of Dismissal should be approved, and that the claims in this civil matter should be dismissed with prejudice.

### I. BACKGROUND

On July 27, 2022, Plaintiff Keneshia Blakley, individually and on behalf of all others similarly situated ("Blakley"), filed suit against Defendant Masonite Corporation ("Defendant") in this Court, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 207(a) ("FLSA"), for failure to pay overtime compensation owed to nonexempt employees. Compl. [1] at 9-10. On August 1, 2022, Blakley and Michelle Moore ("Opt-in Plaintiff" or "Moore") (collectively, "Plaintiffs") filed a Notice [9] of Filing Consent to join Moore in this action as an Opt-in Plaintiff. Not. [9]; Ex. [9-1]; Ex. [9-2]. On October 17, 2022, Defendant filed a Motion to

1

Dismiss the Complaint [1]. *See generally* Mot. [13]. On November 21, 2022, Blakley filed an Amended Complaint [18] advancing the same cause of action, that Defendant failed to pay overtime compensation as required under the FLSA. Am. Compl. [18] at 9-10. In light of the Amended Complaint [18], the Court denied as moot Defendant's Motion [13] to Dismiss. *See* Text Only Order, Nov. 23, 2022. Defendant filed an Answer [21] to the Amended Complaint [18] on December 5, 2022. Answer [21].

Following several months of discovery, the parties filed a Joint Stipulation [34] of Dismissal with Prejudice "[p]ursuant to Rule 41(a) of the Federal Rules of Civil Procedure," which purported to "stipulate to the dismissal with prejudice of Plaintiffs' claims against Masonite Corporation set forth in the Plaintiffs' Amended Complaint in this action." Joint Stip. [34]; *see also* Nots. [24] – [33]. On June 13, 2023, the Court informed the parties that although

> "[t]he Fifth Circuit has not strictly defined the ambit of FLSA vis-à-vis dismissals without judicial review of settlement agreements, . . . [g]iven the absence of explicit Fifth Circuit precedent to the contrary and the tendency of district courts within the Fifth Circuit to require review of FLSA settlement agreements," this Court is of the opinion that its review and approval of the settlement and the parties' Joint Stipulation [34] of Dismissal with Prejudice "is appropriate, if not mandatory." *Hiser v. NZone Guidance, LLC*, No. 1:18-CV-1056-RP, 2021 U.S. Dist. LEXIS 131524, at *5 (W.D. Tex. Jan. 25, 2021) (citing *Martin*, 688 F.3d at 255 (internal quotations omitted) and *Trevino v. Colt Oilfield Servs.*, LLC, No. 5-18-cv-1304-FB-RBF, 2019 U.S. Dist. LEXIS 143315, at *3 (W.D. Tex. May 6, 2019)).

Order [35] at 3-4. The parties were directed to submit a copy of the relevant settlement documents for the Court's review, and to show cause, if there is a bona fide dispute, why the proposed resolution is fair and reasonable. *Id.* at 4. On June

26, 2023, counsel for Plaintiffs filed the parties' Joint Response [36] to Order to Show Cause. *See generally* Joint Resp. [36]. On June 30, 2023, the parties' Settlement Agreements [40], [40-1] were filed as restricted documents. *See generally* Settlement Agree. [40]; Ex. [40-1].

## II. DISCUSSION

In order to approve a settlement proposed by the parties of a suit brought under the FLSA and enter a stipulated judgment, the Court must determine: (1) that the settlement resolves a bona fide dispute over FLSA provisions; and (2) that the resolution is fair and reasonable. *Jarrard v. Southeastern Shipbuilding Corporation*, 163 F.2d 960, 961 (5th Cir. 1947); *Lee v. Metrocare Services*, No. 3:13-cv-2349-O, 2015 U.S. Dist. LEXIS 194001, 2015 WL 13729679 at *1 (N.D. Tex. July 1, 2015) (internal citations omitted).

The Court, being advised that the parties have an informed understanding of their rights and a full appreciation of the consequences of the resolution and that they now seek court approval of the Settlement Agreements [40], [40-1] and final dismissal of all claims with prejudice, hereby acknowledges and finds the following:

1.    The parties have exchanged and agreed upon confidential Settlement Agreements [40], [40-1] and have provided the same to the Court for its review. The parties have jointly requested that this Court approve the settlement and enter Final Judgment.

2.    After reviewing the parties' proposed Settlement Agreements [40], [40-1] and based upon a review of this matter and the representations made by the

parties in their Joint Response [36] to Order to Show Cause, the Court finds that there existed a bona fide dispute as to the legal claims, defenses, and facts in this cause, including but not limited to issues of liability and the amount of compensation due, if any. The settlement terms proposed by the parties are fair and reasonable to all involved.

3. This was an arms-length transaction resulting in settlement, and there is no evidence of either fraud or collusion.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the parties' Joint Stipulation [34] of Dismissal is **APPROVED**. The parties are ordered to finalize the Settlement Agreements [40], [40-1] through the exchange of consideration. Based upon this resolution by the parties, all claims that Plaintiffs Keneshia Blakley and Michelle Moore have or may have against Defendant Masonite Corporation arising out of this lawsuit – including but not limited to any claims under the FLSA for wages, overtime, liquidated damages, attorneys' fees, costs, expenses, or other relief, award, or damages – are hereby resolved and are **DISMISSED WITH PREJUDICE.**

The Clerk of Court is **DIRECTED** to enter this Order on the civil docket as a Final Judgment in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 5th day of July, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

4